[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16180
Non-Argument Calendar
_____

D.C. Docket No. 7:00-cr-00004-HL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAJRICK CONAWAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 17, 2013)

Before TJOFLAT, WILSOLN and ANDERSON, Circuit Judges.

PER CURIAM:

In 2000, Tajrick Conaway pled guilty to two counts of an indictment: Count

1, possession with intent to distribute cocaine base, in violation of 21 U.S.C. §

841(a)(1); Count 2, possession of marijuana, in violation of 21 U.S.C. § 844(a). At sentencing, the District Court treated Conaway as a "career offender" under U.S.S.G. § 4B1.1, and imposed concurrent prison sentences of 292 months on Count 1[1] and 12 months on Count 2. In March 2008, Conaway moved the District Court to reduce his Count 1 sentence pursuant to 18 U.S.C. § 3582(c)(2), under Amendment 706 to the Sentencing Guidelines. The court denied his motion because he had been sentenced as a career offender on Count 1. He appeals the ruling.

On appeal, Conaway argues that he was entitled to a sentence reduction despite the fact that he was sentenced as a career offender. He acknowledges our holding in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), that career offenders were not eligible for sentence reductions under analogous Amendment 706 because their sentences were "based on" their career-offender status, but asserts that the Supreme Court's decision in *Freeman v. United States*, 564 U.S. ___, 131 S. Ct. 2685, 180 L. Ed.2d 519 (2011), allows for the reduction of a sentence that is in any way based on a subsequently amended Guidelines sentence range. In his case, even though the court selected the career-offender offense level and not the offense level for cocaine-base offenses, U.S.S.G. § 2D1,1, he contends that his resulting sentence was based on the base offense level for cocaine base

---

[1] The Count 1 sentence was at the low end of the Guidelines sentence range of 292 to 365 months.

offenses because 18 U.S.C. § 3553(a) required the court to consider the offense level for cocaine base offenses.  He asks us to reconsider our previous determination in *United States v. Lawson*, 686 F.3d 1317 (11th Cir. 2012), contending that Justice Sotomayor's narrow concurrence is the controlling part of the *Freeman* decision.  Further, he argues that he was entitled to be resentenced directly under the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–220, 124 Stat. 237 (2010), which, he says, reduced his statutory sentence range of 5-to-40-years to 0-to-20-years and affected his sentence range as a career-offender.

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2), and reviews the denial of a § 3582(c)(2) motion for an abuse of discretion.  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

A district court may modify a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  A § 3582(c)(2) sentence modification "does not constitute a *de novo* resentencing."  *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).  In addressing whether a defendant is eligible for a § 3582(c)(2) reduction, a district court is to consider only the effect of the applicable Guidelines amendment, leaving "*all* original sentencing determinations . . . unchanged."  *Id*. at 781-82 (emphasis in original).  As such,

3

even if a retroactive amendment would alter a defendant's offense level, he will be ineligible for § 3582(c)(2) relief if the amendment would "not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)).

To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in § 1B1.10(c). *Id.* § 1B1.10(a)(1). Because they are listed in § 1B1.10(c), Parts A and C of Amendment 750 to the Sentencing Guidelines may serve as the basis for a sentence reduction. *Id.* § 1B1.10(c). Part A of Amendment 750 amended § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c), and reducing offense levels associated with various amounts of crack cocaine. U.S.S.G. App. C, Amend. 750, Pt. A, *cross referencing* U.S.S.G. App. C, Amend. 748 (2011). Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline. *See* U.S.S.G. App. C, Amend. 750. Amendment 750 was made retroactive by Amendment 759, effective November 1, 2011. *See id.*, Amend. 759.

When a defendant is sentenced as a career offender, his base offense level is determined under § 4B1.1, not the drug quantities set forth in § 2D1.1. U.S.S.G. § 4B1.1. In *Moore*, a pre-FSA case, we faced the question of whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for

§ 3582(c)(2) relief in light of Amendment 706, which, like Amendment 750, had lowered the base offense levels for certain quantities of crack cocaine under § 2D1.1(c). *Moore*, 541 F.3d at 1325-27. We held that the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their guideline ranges, which were calculated under § 4B1.1. *Id.* at 1327-30.

In *Freeman*, the Supreme Court decided a case involving a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which the defendant entered a plea agreement that recommended a particular sentence. *Freeman*, 564 U.S. at ___, 131 S.Ct. at 2690. A four-justice plurality concluded that "§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Id.* at ___, 131 S.Ct. at 2692-93. In a concurrence, Justice Sotomayor concluded that sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement are based on the plea agreement itself and not the applicable Guidelines sentence range. *Id.* at ___, 131 S.Ct. at 2696. However, Justice Sotomayor concluded that "when a [Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.* at __, 131 S.Ct. at 2698.

In *Lawson*, we held that the offense level and Guidelines sentence range for career offenders were not lowered by Amendment 750. *Lawson*, 686 F.3d at 1321. We specifically addressed *Freeman*'s impact on *Moore* and held that *Moore* remained binding precedent. *Id.* We stated that, "[u]nder *Marks*[ *v. United States*, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977)], Justice Sotomayor's concurring opinion can be viewed as the holding in *Freeman*," but we determined that "even if the plurality opinion contained the holding, *Freeman* would not overrule *Moore*." *Id*. at 1321 n.2. We concluded that *Freeman* was not "clearly on point" as to the issue addressed in *Moore* regarding the eligibility of career offenders for § 3582(c)(2) relief based on the retroactive lowering of crack cocaine base offense levels. *Id.* at 1321 (quotation omitted).

On August 3, 2010, Congress enacted the FSA, which increased the amounts of crack cocaine required to trigger the higher statutory-maximum sentences and the mandatory minimum sentences in 21 U.S.C. § 841(b)(1). Pub. L. No. 111-120, 124 Stat. 2372 (2010). Under the FSA, the 10-year mandatory minimum and the life statutory maximum apply to offenses involving 280 grams or more of crack cocaine, and the 5-year mandatory minimum and the 40-year statutory maximum apply to offenses involving 28 grams or more of crack cocaine, respectively. 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii) (2011).

6

The Supreme Court has held that the FSA's lower statutory penalties apply to a defendant who committed his offense before, but was sentenced after, the FSA's enactment. *Dorsey v. United States*, 567 U.S. ___, ___, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012). The Court observed that "application of the new minimums to pre-Act offenders sentenced after [the FSA's enactment] will create a new set of disparities," but explained that "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Id*. at ___, 132 S.Ct. at 2335. Therefore, the Court concluded, the "new disparity" between "those pre-Act offenders already sentenced and those not yet sentenced as of [the FSA's enactment]" was insufficient reason to exclude the yet-to-be-sentenced offenders from the lower statutory penalties. *Id*.

*Dorsey* "carefully confined its application of the FSA to pre-Act offenders who were sentenced after the Act's effective date." *United States v. Berry*, 701 F.3d 374, 378 (11th Cir. 2012). The changes in the FSA to the statutory sentences provide no foundation for a § 3582(c)(2) motion and do not permit a district court to reduce the sentence of a defendant sentenced before the FSA's effective date. *Id.* at 377-78.

Here, the District Court did not err in denying Conaway's § 3582(c)(2) motion. Conaway's claim that Amendment 750's reduction of the base offense

7

levels for cocaine base warranted him a sentence reduction is foreclosed by our holding in *Lawson* that Amendment 750 did not lower the Guidelines sentence range applicable to defendants sentenced as career offenders under § 4B1.1. His claim that he could be resentenced directly under the FSA lacked merit because the FSA's reduced statutory penalties did not apply to defendants, such as he, who were sentenced before its enactment. Further, the FSA is a statutory amendment enacted by Congress, not a retroactive guideline amendment by the U.S. Sentencing Commission, and, thus, cannot serve as the basis for § 3582(c)(2) relief.

      AFFIRMED.